OPINION
{¶ 1} Consun Food Industries ("Consun") appeals from the judgment of the Franklin County Court of Common Pleas sustaining the Ohio Liquor Control Commission's ("commission") decision to revoke Consun's liquor license. For the reasons that follow, we affirm.
 {¶ 2} This appeal involves two separate incidents, both involving the sale of alcohol to underage confidential informants ("CI"). On September 14, 2001, an employee of Consun sold a six-pack of "DNA alcoholic fruit and spring water" to a male CI who was only 17 years old. Prior to the sale of alcohol, the employee did not request identification from the buyer. The Department of Public Safety, Akron Enforcement Unit, issued a summons for the sale and/or furnishing of alcohol to a person under the age of 21, in violation of R.C. 4301.69(A). On October 27, 2001, a different employee sold a bottle of "Boones" wine to a female CI. The CI showed her driver's license to the employee at the time of the sale; however, it showed that she was only 19 years old. A citation was issued for this violation and the employee was convicted of furnishing alcohol to a minor.
 {¶ 3} A hearing was held on the two citations on or about May 2, 2002. Consun filed a plea of denial but stipulated to the report of the liquor agents, essentially stipulating that the underage sales did in fact occur. The commission also took note that Consun had at least three prior violations for underage sales, one in 1997, another in 1998, and another in 2000. The commission determined that a 14-day suspension was appropriate for the September 14 violation, and revocation was appropriate for the October 27 violation. Consun appealed the commission's orders to the Franklin County Court of Common Pleas on June 3, 2002. On November 1, 2002, the trial court affirmed the commission. The court found that the orders were supported by reliable, probative and substantial evidence and were in accordance with law. The court specifically noted Consun's argument regarding the harshness of Henry's Café v. Bd. of Liquor Control (1959), 170 Ohio St. 233, and the need for courts to have the right to modify the penalty in cases where it appeared that the agency lost its way. However, the court found that even if it had the power, the record in this case demonstrated no need to modify the commission's order. Consun filed the instant appeal on December 13, 2002.
 {¶ 4} Consun asserts the following two assignments of error:
 {¶ 5} "I. The May 14, 2002, orders of the [commission] are in error and should be overturned because they are unsupported by reliable, probative, and substantial evidence, and are therefore not in accordance with law.
 {¶ 6} "II. The penalties imposed by the May 14, 2002, orders of the [commission] and the refusal of the courts to review those penalties are tantamount to a failure of due process of law and are in violation of the [F]ourteenth [A]mendment to the [United States] [C]onstitution."
 {¶ 7} In its first assignment of error, Consun argues that the commission's orders were not supported by reliable, probative and substantial evidence. The trial court's standard of review is hybrid in nature. The trial court must review the agency's order to determine whether it is supported by reliable, probative and substantial evidence and whether it is in accordance with law. Univ. of Cincinnati v. Conrad (1980), 63 Ohio St.2d 108, 111-112; Ohio Historical Soc. v. State Emp. Relations Bd. (1993), 66 Ohio St.3d 466, 471. Reliable evidence is dependable; that is, it can be confidently trusted. Triplett Grille, Inc. v. Ohio Liquor Control Comm. (Dec. 12, 1996), Franklin App. No. 95APE06-712, citing Our Place, Inc. v. Ohio Liquor Control Comm. (1992),63 Ohio St.3d 570, 571. In order to be reliable, there must be a reasonable probability that the evidence is true. Triplett Grille, Inc., supra. Probative evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. Id. Substantial evidence is evidence with some weight; it must have importance and value. Id.
 {¶ 8} When reviewing the trial court's resolution of whether reliable, substantial and probative evidence existed, an appellate court's standard of review is more limited. Id. The only issue an appellate court must decide is whether the trial court abused its discretion. Id. While it is incumbent on the common pleas court to examine the evidence, such is not the charge of the appellate court. Domsitz v. Liquor Control Comm. (Feb. 19, 2002), Franklin App. No. 01AP-810, quoting Lorain City Bd. of Edn. v. State Emp. Relations Bd. (1988), 40 Ohio St.3d 257, 260-261. An abuse of discretion is not merely an error of judgment, but perversity of will, passion, prejudice, partiality or moral delinquency. Domsitz, supra. Absent an abuse of discretion, the court of appeals may not substitute its judgment for that of the commission or the trial court. Id. The fact that the court "might have arrived at a different conclusion than did the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so." Id.
 {¶ 9} As stated, Consun stipulated to the liquor agents' report that the underage sales occurred. However, Consun maintains that the penalties imposed are not supported by reliable, probative and substantial evidence. At the administrative hearing, Consun put forth mitigating evidence as to the penalties,[1] but the commission was not persuaded in light of Consun's three previous violations.
 {¶ 10} R.C. 4301.69(A) states the following in pertinent part:
 {¶ 11} "Except as otherwise provided in this chapter, no person shall sell beer or intoxicating liquor to an underage person, shall buy beer or intoxicating liquor for an underage person, or shall furnish it to an underage person, unless given by a physician in the regular line of the physician's practice or given for established religious purposes or unless the underage person is accompanied by a parent, spouse who is not an underage person, or legal guardian."
 {¶ 12} Once the commission properly determines there is a violation of law, the commission has within its discretion the ability to impose various penalties, including revocation. Domsitz, supra, citing McCartney Food Market v. Liquor Control Comm. (June 22, 1995), Franklin App. No. 94APE10-1576; see, also, R.C. 4301.25(A). The trial court has no authority to modify an order of the commission where there is substantial evidence of a violation. Henry's Café, supra. Only where the trial court determines that the order is not supported by reliable, probative and substantial evidence does the court have the authority to modify or vacate the order. Domsitz, supra.
 {¶ 13} Based on the record, the trial court found that the commission's orders were justified. This court finds that the trial court did not abuse its discretion. The record supports the facts that Consun has sold alcoholic beverages to underage persons on several occasions and that the orders were justified. Therefore, Consun's first assignment of error is overruled.
 {¶ 14} In its second assignment of error, Consun argues that the commission's orders violate Consun's right to due process of law. This assignment of error is similarly without merit.
 {¶ 15} Consun argues that due process of law requires that a court review all commission orders. In effect, Consun is arguing that Henry's Café must be overruled because it denies due process of law. However, R.C. Chapter 119 et seq. sets forth the necessary due process requirements for administrative hearings. Namely, the administrative agency must give notice to the party in violation, informing it of the alleged violations, and an opportunity for a hearing. Here, the commission issued its notice of hearing on April 2, 2002. The notice included a detailed description of the alleged violations and the possible penalties for such violations. Since the agency afforded all the due process that is required under R.C. 119 et seq., and since the agency's orders are supported by substantial evidence, the court has no power to modify the penalty imposed. Therefore, the court finds that Consun was afforded due process of law. Accordingly, Consun's second assignment of error is overruled.
 {¶ 16} For the foregoing reasons, the court finds that the trial court did not abuse its discretion in finding that the commission's orders were supported by reliable, probative and substantial evidence and in accordance with law. Consun clearly violated the law when the underage sales occurred. Furthermore, the violations in this particular case were not the first for Consun. Likewise, the commission afforded Consun due process in accordance with R.C. 119 et seq. The commission sent notice to Consun advising it of the alleged violations, the possible penalties and the date of the hearing. Consun attended the hearing and provided potential mitigating evidence.
 {¶ 17} Accordingly, Consun's two assignments of error are overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
PETREE, P.J., and BROWN, J., concur.
[1] Consun claimed that the September 14 violation was due to collusion between the employee and the minor and no fault of Consun. Consun argued that the October 27 violation was due to a mistake by the employee. The employee got confused when looking at the CI's license because the sale immediately prior to that was for cigarettes, the legal age for cigarettes is 18 instead of 21.